UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLOTT LEE DIXON, | Case No. 2:25-cv-01609-JAD-NJK |
| Plaintiff(s), | ORDER |
| v. | |
| SNRHA, et al., | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

**I.    *In Forma Pauperis* Application**

Plaintiff filed an affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* (Docket No. 1) will be granted pursuant to 28 U.S.C. § 1915(a).

**II.   Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723

(9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Litigants are required to provide a short, plain statement of their claims, *see* Fed. R. Civ. P. 8(a), including setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with that dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. Fed. R. Civ. P. 12(h)(3). Federal courts have limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. Of Am.,* 511 U.S. 375, 377 (1994). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).[1]  A cause of action "arises under" federal law "only if federal law 'creates the cause of action' or a 'substantial question of federal law is a necessary element' of a plaintiff's well-pleaded complaint." *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019) (quoting *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1383 (9th Cir. 1988)).  Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir.2001) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

Plaintiff's complaint in this case is largely blank.  *See* Docket No. 1-1.  It would appear that this is a landlord-tenant dispute in which Plaintiff claims she was wrongfully evicted and that her property was damaged.  *See* Docket No. 1-1 at 1; *see also* Docket No. 1-2 (motion appearing to have been filed in eviction proceeding in state court).  The complaint fails to comply with the Rule 8 requirements to set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery.  Moreover and significantly, the complaint fails to explain how this federal court has jurisdiction over a landlord-tenant dispute.  Although the complaint indicates that the case involves "a federal law or right," the complaint does not identify any federal law or right that is implicated in the case.  *See* Docket No. 1-1 at 1.  Hence, the complaint fails to show that federal law creates the cause of action or that a substantial question of federal law is a necessary element.

Accordingly, Plaintiff's complaint is dismissed.  Although it appears unlikely that these deficiencies can be cured, Plaintiff will be afforded an opportunity to amend her complaint.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma*

---

[1] Plaintiff's complaint does not allege diversity jurisdiction. *See* Docket No. 1-1 at 1.

*pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **September 19, 2025**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: August 29, 2025

_____
Nancy J. Koppe
United States Magistrate Judge